UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DONOVAN NEW, | ) CR. 05-50058-01-KES |
| | ) (Civ. 08-5066) |
| Petitioner, | ) |
| | ) ORDER ADOPTING |
| vs. | ) MAGISTRATE'S REPORT AND |
| | ) RECOMMENDATION AND |
| UNITED STATES OF AMERICA, | ) DENYING MOTION TO |
| | ) VACATE, SET ASIDE OR |
| Respondent. | ) CORRECT SENTENCE |

Petitioner, Donovan New, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. This matter was referred to United States Magistrate Judge Veronica L. Duffy, who issued a report and recommendation recommending dismissal of some parts of the petition and recommending an evidentiary hearing on two of petitioner's claims. (Docket 125.) The court adopted that part of the report and recommendation that recommended an evidentiary hearing with regard to one of petitioner's claims of ineffective assistance of counsel and dismissed the remainder of New's claims. (Docket 134.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the court ordered that an evidentiary hearing be held on the matter and that a second report and recommendation be filed by Magistrate Judge Duffy. On October 27, 2009, an evidentiary hearing was held where petitioner and his attorney, John Rusch, were present. A second report and recommendation was issued, and it recommended dismissing petitioner's last ineffective assistance of counsel claim for two reasons: (1) petitioner's defense attorney

did not represent petitioner in a manner that fell below an objective standard of reasonableness; and (2) petitioner could not show that he was prejudiced by his defense attorney's representation in light of the other evidence in the case. The court adopts both portions of the magistrate judge's report and recommendation as supplemented herein and dismisses the last claim advanced in petitioner's motion to vacate, set aside, or correct his sentence.

## BACKGROUND

On March 10, 2006, petitioner was convicted of two counts of involuntary manslaughter in relation to an automobile accident where two of the three occupants were killed.[1] On June 19, 2006, this court sentenced him to 72 months on each count, to be served consecutively. Petitioner appealed his conviction and sentence, and the Eighth Circuit Court of Appeals found, among other things, that the trial court properly denied his motion to suppress the statements made to an investigator in a hospital after the accident. United States v. New, 491 F.3d 369, 372-74 (8th Cir. 2007). On August 4, 2008, petitioner filed this motion to vacate, set aside, or correct his sentence alleging six grounds for the claim that his counsel was constitutionally deficient. (Dockets 105 and 106.) The court addresses petitioner's last remaining ineffective assistance of counsel claim.

---

[1] The primary issue at trial was whether petitioner was the driver of the vehicle.

**DISCUSSION**

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.§ 636(b)(1); see also United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). When a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).

Petitioner claims that his defense attorney's representation was unconstitutionally deficient because the attorney did not have an audio-technical expert examine an audio tape to determine whether it had been altered or otherwise tampered with by the government. The audio tape contained incriminating statements made by petitioner to an investigator while he was in the hospital after the accident. Petitioner acknowledges that "he had very little recollection of this interview[.]" (Docket 142 at 1.) Petitioner, however, "believe[s] at some point during the course of the interview, he had asked for an attorney" but was not provided one prior to being questioned.[2] (Docket 142 at 1.) In support of his argument that the tape had been altered,

---

[2] Petitioner has not objected to any of the factual findings contained in the report and recommendation.

3

petitioner identifies 74 "pauses" in the tape that have not been explained by the government or any witness to an appropriate degree of scientific certainty. (Docket 142 at 5.) Petitioner also argues that the magistrate judge's reasoning about the failure to present evidence that the audio tape was altered is improper because it places a burden upon him beyond what is required to show a violation of the Sixth Amendment right to counsel. (Docket 142 at 5.)

The relevant two-prong standard for determining whether a defendant is denied the Sixth Amendment right to counsel was laid out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) (establishing a "two pronged" requirement test). "First, the defendant must show that counsel's performance was deficient." Id. at 687. This first prong, referred to as the performance prong, requires petitioner to show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The question is "whether counsel's assistance was reasonable considering all the circumstances." Id. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "[T]he presumption is that trial counsel was competent and effective." English v. United States, 998 F.2d 609, 613 (8th Cir. 1993) (citations omitted). And a "reasonable trial strategy cannot rise to the level of ineffective assistance of counsel." Id. at 613 (citations omitted).

4

"Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. This second prong, referred to as the prejudice prong, requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693.

Petitioner has the burden under both of the Strickland prongs. See Couch v. Trickey, 892 F.2d 1338, 1343 (8th Cir. 1989) ("Under Strickland, a petitioner has the burden of proving that counsel's performance was not only deficient but that it prejudiced the defense to the extent of a deprivation of a fair trial." (citation omitted)); United States v. Birkin, 366 F.3d 95, 100 (2d Cir. 2004) ("The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." (citing Strickland, 466 U.S. at 687). While both prongs must be satisfied, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

5

defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id.

As set out above, Strickland's prejudice prong is satisfied when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (emphasis added). Here, the alleged "unprofessional error" was defense counsel's alleged failure to have the audio tape reviewed by an expert for its authenticity. There is no evidence, however, that an expert would have concluded that the tape had been altered if defense counsel had decided to have the audio tape examined. By identifying the pauses in the tape and the lack of any expert review, petitioner has only demonstrated that there is a possibility that the tape was altered.[3] Demonstrating that it was possible for the tape to have been altered does not show to a reasonable probability that the outcome of the trial would have been different. See Strickland, 466 U.S. at 693 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." (emphasis added)). The pauses in the tape by

---

[3] There was no direct evidence submitted at the hearing as to the authenticity of the tape. While not an expert on determining the authenticity of an audio tape, defendant's trial attorney testified at the evidentiary hearing that the tape did not appear to have been altered because he did not hear any interruption in the background noises and because the flow of the questions appeared to flow naturally. (Docket 139, at 11.) A review of the transcript of the taped conversation reveals that the questions and answers confirm this testimony. (Docket 20-2, Ex. 1.)

6

themselves are insufficient to undermine the confidence in the outcome of the trial, especially in light of the other evidence in this case, including the two other inculpatory statements made by New to other law enforcement officers. Thus, petitioner's ineffective assistance of counsel claim fails because he has not satisfied the prejudice prong by showing to a reasonable probability that the outcome would have been different had the tape been examined by an expert. See Wong v. Belmontes, 130 S. Ct. 383, 390-91 (2009) ("Strickland places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citation omitted)).

Petitioner argues that the relevant inquiry in determining whether he was denied effective assistance is limited to "the time of counsel's conduct." (Docket 142 at 5.) See Strickland, 466 U.S. at 690 ("Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." (emphasis added)). The language petitioner relies on, however, pertains to Strickland's performance prong, not the prejudice prong. See id. at 690 ("Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." (emphasis added)). The applicable standard with regard to the prejudice prong is governed by a different standard that is set forth in a different section of Strickland. See id. at 691-96 (discussing the prejudice prong under section B with the opening

7

statement that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). Accordingly, petitioner's argument is without merit because petitioner has failed to satisfy the prejudice prong. For these reasons, along with the reasoning articulated in the magistrate judge's report and recommendation, petitioner's motion to vacate, set aside, or correct his sentence is denied.

Therefore, it is hereby

ORDERED that petitioner's motion to vacate, set aside, or correct his sentence (Dockets 105 and 106) is denied in accordance with this order.

Dated April 14, 2010.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE